# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **ALTEMESE L. BEAL,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:06-cv-96 (HL) |
| | : | |
| **LECTIA,** | : | |
| | : | |
| Defendant. | : | |

_____

# ORDER

Pro se Plaintiff, Altemese Beal, has completed an Affidavit in support of her Motion to Proceed Without Prepayment of Fees (Doc. 1), as directed by the Court.  Review of Plaintiff's Affidavit reveals that she and her brother, with whom she shares a home, have a combined monthly income of approximately $1,239.00, and monthly living expenses of approximately $945.00.  Plaintiff's assets are limited and appear to consist of $190 in savings; a 1985 Mercury Cougar and a 1985 GMC S1500, both which have torn up engines; and the mobile home worth $23,000, which she is buying.  Plaintiff reports additional liabilities in excess of $12,000.  In addition to the foregoing, Plaintiff filed for bankruptcy protection in 2004, and under the plan in place on her Chapter 13 petition, she is required to pay $375.00 per month.

Pursuant to 28 U.S.C. § 1915(a), a district court may authorize the commencement of a civil suit without prepayment of fees if the court finds that a party is unable to pay the fees. The United States Court of Appeals for the Eleventh Circuit has directed that district courts

must compare the assets and liabilities of the party moving to proceed without prepayment of fees in order to determine whether she satisfies the poverty requirement. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). According to the court in Martinez "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." Id. at 1307.

Here, Plaintiff's monthly living expenses appear to meet or exceed the combined income of Plaintiff and her brother. In addition, Plaintiff has numerous other debt obligations she must satisfy. Review of Plaintiff's overall financial position thus persuades this Court that she is unable to pay the costs and fees associated with this lawsuit. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed without Prepayment of Fees.

Therefore, it is hereby **ORDERED** that service be made as provided by law upon defendant Lectia and that Defendant file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure. The Court further directs as follows.

## **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, each party shall at all times keep the Clerk of Court and all opposing attorneys or unrepresented parties advised of their current address and telephone number. Failure to promptly advise the Clerk of any change of address or telephone number may result in the dismissal of a party's pleadings filed herein.

**DUTY TO PROSECUTE ACTION**

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is advised that it is expected to diligently defend all allegations made against it and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and correspondence filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by United States Mail, by personal service, etc.).  The Clerk of Court will not serve or forward copies of such motions, pleadings, and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendant from whom discovery is sought.  Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery

from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

### **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the Court absent the filing of a separate motion therefor accompanied by a memorandum of law containing citation to supporting authorities.

**SO ORDERED**, this 20th day of October, 2006.


**s/   Hugh Lawson**
**HUGH LAWSON, JUDGE**

mls