# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **ALTEMESE L. BEAL,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:06-cv-96 (HL) |
| | : | |
| **LETICA CORPORATION,** | : | |
| | : | |
| Defendant. | : | |

_____

# ORDER

Plaintiff, Altemese L. Beal, proceeding pro se, filed suit under Title VII against her former employer, Letica Corporation, alleging discrimination based on gender. Thereafter, Letica Corporation filed a Motion for Summary Judgment (Doc. 16). When no timely response to the Motion was received from Beal, the Court directed that another copy of the Motion be served on her along with an Order (Doc. 22) advising her of her rights and obligations with regard to a summary judgment motion. No response has been filed by Beal.  After review of the Motion, and for the reasons that follow, the Court finds that Letica Corporation is entitled to judgment as a matter of law as to Plaintiff's claims against it.

## I.    Background

Beal alleges that sometime in early or middle May of 2005, she was the victim of discrimination when she and a male co-worker, Dwayne Evans, were supposed

to work together to empty a 200-pound drum of paint.  She claims that Evans said he would ask another male co-worker to help him with the task because Beal was a woman.  After Beal challenged Evans about his conduct, Evans reconsidered and together he and Beal worked to empty the drum.  Beal later complained to her supervisor, Wayne Hicks, and plant manager, Deborah Clark, about the slight.  Beal also alleges that on June 13, 2005, she got sick and went home early from work.  She contends she later "started having problems with the job."  She was subsequently suspended from work, then demoted.  Beal's employment with Letica Corporation was terminated on September 29, 2005.   She contends Letica Corporation's conduct was discriminatory with respect to her gender as a woman.

Beal signed a Charge of Discrimination on December 5, 2005.   The Charge of Discrimination was received by the EEOC on December 12, 2005, as indicated on the time-stamp marked on the Charge of Discrimination.  In her Charge of Discrimination, Beal complained about the incident in May of 2005, involving Dwayne Evans.  In addition, Beal complained about the suspension and demotion she received in June of 2005.  Beal also makes reference to the fact that she was discharged on September 29, 2005.

Letica Corporation maintains that summary judgment is appropriate both procedurally and substantively, contending that Beal filed her charge of discrimination outside the 180-day period mandated by statute for filing claims of discrimination, and that she has failed to make out a case of gender discrimination

under Title VII.  The Court will address each of these arguments in turn.

## II.   Conclusions of Law

### A.   Failure to File within the 180-Day Period

Letica Corporation's procedural argument is based on the fact that Beal's Charge of Discrimination was received by the EEOC on December 12, 2005. According to Letica Corporation, this would put Beal's Charge of Discrimination outside of the 180-day filing period mandated by 42 U.S.C.A. § 2000e-5(e)(1). There are two problems with Letica Corporation's argument.

First, although, the Charge was signed by Beal on December 5, 2005, and received by the EEOC on December 12, 2005, the Charge plainly states that it "PERFECTS A CHARGE OF DISCRIMINATION TIMELY FILED WITH THE COMMISSION ON JUNE 27, 2005."  (Beal Dep., Ex. 1.)  Thus, the face of the Charge itself raises some question as to whether the Charge should be deemed "filed" for purposes of this discussion as of December 12, 2005, when the signed version was actually received by the EEOC, or as of June 27, 2005, the date on which the EEOC form says the Charge of Discrimination was timely filed.

Second, but very much related to the first consideration, is the fact that on February 27, 2008, the Supreme Court of the United States decided the case of Fed. Express Corp. v. Holowecki, ___ U.S. ___, 128 S. Ct. 1147 (2008).  In Holowecki, the Court held, in an ADEA case, that an "Intake Questionnaire" submitted to the EEOC constituted a "Charge of Discrimination" for purposes of the time within which

3

the employee could seek relief in federal court.  The Court was quick to note that its determination with respect to what constitutes a charge under the ADEA will not necessarily apply to other statutes the EEOC enforces, such as Title VII. Nevertheless, the decision in <u>Holowecki</u>, when viewed in conjunction with the statement contained on Beal's Charge of Discrimination, leaves open the possibility that the steps Beal took with the EEOC on June 27, 2005, were sufficient to constitute a "Charge of Discrimination" for purposes of the 180-day rule at issue here.

Because the decision in <u>Holowecki</u> was issued after Defendant filed its Motion for Summary Judgment, the issues raised by that decision, as they may relate to the statement contained on Beal's Charge of Discrimination, have not been addressed by the parties.  In the absence of any argument on the subject by either party, the Court will, instead, consider Beal's claims on the merits.

**B.     Title VII Claims on the Merits**

Letica Corporatiion has addressed Beal's Title VII Charge of Discrimination as encompassing three separate events:  (1) the May incident involving Dwayne Evans; (2) her suspension and demotion in June of 2005; and (3) her termination on September 29, 2005.  As to none of these events has Beal made out a prima facie case of discrimination.

**1.     May 2005 Incident**

With respect to the incident in May of 2005, as Defendant notes,

Evans at first indicated that he was going to get another man to help him with the work of lifting the drum but, after being challenged by Beal, reconsidered and then did the lifting with Beal. No other incidents of a similar nature occurred. Thus, Beal may have suffered a slight, that may or may not have been intended by Evans, but she did not suffer an adverse employment action.

When alleging discrimination with respect to compensation, terms, conditions, or privileges of employment, as part of her prima facie case, a plaintiff must establish that she suffered an adverse employment action. <u>Davis v. Town of Lake Park</u>, 245 F.3d 1232, 1238 (11th Cir. 2001). The United States Court of Appeals for the Eleventh Circuit has held that to establish an adverse employment action under Title VII's anti-discrimination clause, "an employee must show a *serious and material* change in the terms, conditions, or privileges of employment." <u>Id.</u> at 1239. Moreover, "the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." <u>Id.</u> Here, Beal has made no showing that Evans' conduct toward her had a tangible adverse effect on her employment.

It may be that Beal is attempting to claim that because of Evans' attitude toward her, the work environment at Letica was hostile toward women so as to give rise to a sexual harassment claim. In this regard she also fails, however. An harassment claim arises when an employee is subjected to offensive conduct which, by itself, would not be a tangible employment action but which, when combined with

other similar conduct, might rise to the level of an actionable claim.  Sexual harassment can include conduct based on gender though unrelated to sexuality. Gender harassment constitutes sexual harassment within the meaning of Title VII. *See generally* Bell v. Crackin Good Bakers, Inc., 777 F.2d 1497 (11th Cir. 1985).

Those courts that have considered gender harassment claims unrelated to sexuality have generally required a plaintiff to make the same prima facie showing as would be required in an harassment claim based on conduct of a sexual nature, that is, the plaintiff must show, among other things, that "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." Blalock v. Dale County Bd. of Educ., 84 F. Supp. 2d 1291, 1303 (M.D. Ala. 1999) (citing Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999)).  *See also* Williams v. Marriott Corp., 864 F. Supp. 1168 (M.D. Fla. 1994).

Applying the "severe or pervasive" standard to the facts of this case, it is clear that Beal cannot maintain a claim for gender harassment.  The record reveals only the single isolated incident involving Evans that could be considered harassing conduct.  There is nothing in the record that would demonstrate the kind of severe and pervasive harassment that is necessary to demonstrate an abusive working environment.  As such, Beal's allegations concerning her encounter with Dwayne Evans in May of 2005 fail to support a claim under Title VII.  Therefore, the Court finds Letica Corporation is entitled to summary judgment on Beal's Title VII claim

insofar as it arises out of the May 2005 incident involving Dwayne Evans.

### 2.    June of 2005 Suspension and Demotion

It is not clear to the Court how, if at all, Beal contends that the adverse employment actions taken against her in June of 2005 were the result of discrimination.  Clearly Beal was unhappy with the decision of Debra Clark, the plant manager, for suspending Beal after she left work sick on June 13, 2005, and then reassigning her to a less favorable position.  However, she has offered nothing to suggest that the actions taken against her were the product of discrimination.

Assuming, however, that Beal intended to bring a claim under Title VII for disparate treatment in discipline based on Clark's handling of her suspension on June 13, 2005, followed by her subsequent reassignment to a lower-paying position, Beal has failed to make out a prima facie case of discrimination.  When making a claim of disparate treatment in discipline, a plaintiff can make out a prima facie case of discrimination by showing that she is a member of a protected class, that she was subjected to some type of disciplinary action, and that employees not in the protected class, who were involved in nearly identical circumstances, were not subjected to the same type of disciplinary action.  Nix v. WLCY Radio/Rahall Comms., 738 F.2d 1181, 1185 (11th Cir. 1984).

A plaintiff's burden to establish a prima facie case is not intended to be onerous.  Nevertheless, the Court finds that Beal has failed to establish a prima facie case of discrimination based on disparate treatment here because she has failed to

demonstrate that employees outside of  the protected class were not subject to the same type of disciplinary action when involved in similar circumstances.   In the absence of a prima facie showing, Letica Corporation is entitled to summary judgment as to any Title VII claims against it arising from the events occurring in June of 2005.

### 3.   September 29, 2005, Termination

A similar result is demanded with respect to any claims Beal may have based on the decision to terminate her in September of 2005.  When Beal was taken off of the mold technician line in June of 2005, she was rehired, at a lower pay, as a "mover."  She worked in that position until she was terminated because of a problem involving double gaskets in the paint can lids, which would cause the cans to leak paint.  Before she was terminated, Beal and other employees were warned about the problem at a meeting.  They were told that if the lids were piling up on the line, the employees were not to put gaskets in the lids until the lids were ready to be put on the cans, in order to avoid the double gasket problem. The next day, Clark observed that Beal's lids had stacked up and they had gaskets on them.  Beal claimed that the mistake had been made by another employee.  Nevertheless, Clark terminated her.

Beal might have a right to complain about the way she was treated by Clark, or even that her termination was made in error, but nothing before the Court shows that she has made out a prima facie case of discrimination.  Beal has failed to show

that employees outside her protected class, involved in similar circumstances, were not treated to the same disciplinary action that she received.  Accordingly, Defendant is entitled to summary judgment insofar as Beal claims Title VII discrimination arising out of her termination in September of 2005.

## III.    Conclusion

The court finds that Beal has failed to make out a prima facie case of discrimination with respect to the claims presented in her Charge of Discrimination and in the Complaint filed with the Court.  Accordingly, Defendant is entitled to judgment as a matter of law and the Motion for Summary Judgment is granted.

**SO ORDERED**, this 30th day of September, 2008.


*s/  Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls

9